IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-04372 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SWISS WATCH INTERNATIONAL, INC. | ) | |
| d/b/a WORLDOFWATCHES.COM | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff NATIVE AMERICAN ARTS, INC. ("NAA"), by its undersigned attorneys, complains of Defendant SWISS WATCH INTERNATIONAL, INC. d/b/a WORLDOFWATCHES.COM ("World of Watches") as follows:

### NATURE OF THE CASE

1. This is an action for violation of 25 U.S.C. §305, et seq., and 25 U.S.C. §305e, the Indian Arts and Crafts Act of 1990, and the Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA"). The IACA prohibits a person or entity from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are Indian produced, Indian products, or the products of a particular Indian, an Indian tribe, or an Indian arts and crafts organization.

2. The IACA further provides that a "civil action [under the IACA] may be initiated by... an Indian arts and crafts organization." 25 U.S.C. § 305e(d)(1)(A)(iii).

## PARTIES

3. NAA, is a Native American-owned arts and crafts organization headquartered in the Northern District of Illinois. NAA manufactures, distributes, and sells only authentic Native American arts, crafts and jewelry from its store and nationwide over the internet from its website. All of NAA's products are created by Native American artisans from recognized Native American tribes.

4. NAA is wholly owned by registered members of the Ho-Chunk Nation, a federally-recognized Native American tribe.[1] NAA is an Indian arts and crafts organization as defined by 25 U.S.C. § 305e.

5. NAA has invested substantial time, money and effort over many years to advertise, market and promote Authentic and Genuine Native American arts, crafts and jewelry in Illinois and throughout the United States through its store and over the internet on its website.

6. From 1996 to the present, NAA spent more than $52,000 advertising and marketing its Authentic and Genuine Native American arts, crafts and jewelry across multiple advertising channels including catalogs, newspapers, internet, radio, email, direct mail, flyers, and in-store signage. NAA has spent approximately an additional $25,000 on web advertising and on its web page over that same period. NAA has also engaged in extensive public relations and educational efforts to promote Authentic and Genuine Native American arts, crafts and jewelry.

7. To counteract the damage counterfeiters have done to the value of the "Native American Designed" and "Native American Made" and Authentic and Genuine Native American

---

[1] 79 Fed. Reg. 4748 (Jan. 29, 2014).

designations of origin, NAA has made efforts to bolster the value of those designations through additional advertising and public relations work and efforts to educate the public.

8. As a direct result of its extensive public relations and educational efforts, NAA has appeared in numerous newspaper articles which discuss its product offerings and efforts to educate the public about Authentic and Genuine Native American arts and crafts.

9. NAA has a protectable interest in maintaining the integrity of the Native American Arts marketplace and the Authentic and Genuine Native American designations of origin conferred to it by the IACA upon which its business relies for its revenues and goodwill.

10. World of Watches is a Delaware corporation having its principal place of business in Hollywood, Florida. World of Watches is an online retailer which advertises and sells a wide range of consumer products throughout the United States through its website, www.worldofwatches.com.

## JURISDICTION AND VENUE

11. Jurisdiction over this actions is conferred by 28 U.S.C. §1331, as this claim arises under the federal law.

12. Venue is proper in the Northern District of Illinois because Northern District of Illinois is where the injury to NAA occurred in diluting the Genuine and Authentic Native American made designations of origin upon which its business relies for its revenues and goodwill.

## FACTUAL BACKGROUND

13. Since at least on or about November 3, 2012, World of Watches has advertised, marketed and sold through its website at least two jewelry items as Native American designed, made, created and/or handmade:

3

**Riverbend Sterling Silver Turquoise Handcrafted Drop Earrings**



*These gorgeous drop earrings by Riverbend are handcrafted with Native American craftsmanship and feature lustrous polished sterling silver.* A dangle style design is accented with turquoise accents and hangs from shepherd hook clasps. *See* Exhibit A (emphasis added).

**Riverbend Sterling Silver Turquoise Handcrafted Drop Earrings**



*These gorgeous drop earrings by Riverbend are handcrafted with Native American craftsmanship and feature lustrous polished sterling silver.* Vibrant oval turquoise pendants hang from shepherds hook claps to complete the look of these stylish earrings. *See* Exhibit B (emphasis added).

14. On information and belief, the claimed authentic Native American jewelry listed on World of Watches' website are mass produced by non-Native American labor, and are neither handmade by Native Americans nor designed by a Native American.

15. NAA sent a letter to the manufacturer and/or distributer of the jewelry identified in Paragraph 13 *supra* asking it to provide proof that one of its products sold by another major

4

retailer is in fact Native American produced; it ignored this request. On information and belief, in light of the manufacturer and/or distributer's failure to respond and other information NAA has obtained including that a major retailer has changed its advertising to remove any reference to Native American craftsmanship immediately after being sued, NAA believes the jewelry items identified in Paragraph 13 *supra* are not in fact produced by Native Americans.

## COUNT I
### (Violations of the Indian Arts and Crafts Act)

16. NAA realleges paragraphs 1-15.

17. The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e

18. In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

19. The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

20. The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

21. NAA is an Indian arts and crafts organization under the IACA.

22. The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

23. On information and belief, the jewelry identified in Paragraph 13 *supra* was not produced, designed, or manufactured by individuals who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, *et. seq*.

24. World of Watches advertises, markets, and sells the jewelry identified in Paragraph 13 *supra* as Indian produced and Indian products.

25. World of Watches has used the unqualified phrase "handcrafted with Native American craftsmanship" when advertising, marketing, and selling the jewelry identified in Paragraph 13 *supra* on its website.

26. On information and belief, the jewelry identified in Paragraph 13 *supra* are not in fact Indian products, nor was it Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

27. By advertising, marketing, and selling a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" World of Watches diluted and tarnished this designation of origin and diminished its distinctiveness and value.

28. NAA's business, reputation and goodwill are directly tied to the "Indian produced" and "Indian product" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Sears's counterfeiting activities as alleged herein.

29. In passing off the jewelry identified in Paragraph 13 *supra* as Indian produced and Indian products, World of Watches is taking a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and proximate cause of World of Watches' "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin.

30. As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Sears's IACA violations alleged herein.

31. Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

32. World of Watches' advertising, marketing, and selling the jewelry identified in Paragraph 13 *supra* in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, NAA requests that this Court enter judgment in its favor and against World of Watches as follows:

a) Award statutory damages of $1000 per day for the number of days World of Watches violated the IACA by falsely offering the jewelry items as authentic Native American products or Native American produced;

b) Award reasonable attorney's fees and costs of suit;

c) Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent World of Watches from continuing to misrepresent the jewelry items as a Native American product or Native American produced when it is not in fact an Indian product or Indian produced.

Pursuant to Federal Rule of Civil Procedure 38(b), NAA demands a trial by jury of all claims in this Complaint so triable.

NATIVE AMERICAN ARTS, INC.
By: /s/ Peter S. Lubin
One of its Attorneys

Peter S. Lubin
Vincent L. DiTommaso
John Auchter
DITOMMASO ♦ LUBIN, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL  60181
(630) 333-0000